# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account ) Case No. 1:17mj190
number 5290778223, in the name of Pilar Powell, fbo M.D.P. )
)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Middle___ District of ___North Carolina___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § __981(a)(1)(C)__ *(describe the property)*:

All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 5290778223, in the name of Pilar Powell, fbo M.D.P.

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Carter N. Catlett, III, Special Agent, Treasury-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/24/17

_____
*Judge's signature*

City and state: Greensboro, NC       L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANTS

I, Carter N. Catlett III, Special Agent with the United States Department of the Treasury - Office of Inspector General (TOIG), being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Section 2516 of Title 18. I have been employed as a Special Agent with TOIG since 2014, and am currently assigned to the Greensboro Resident Office. Prior to that, I was employed as a Special Agent with the United States Secret Service (USSS) since 2004.

2. As a Special Agent, I have conducted numerous investigations into mail/bank/wire fraud, money laundering, and other complex financial crimes, as well as crimes against the United States Treasury and its departments and entities. Additionally, I have extensive experience in investigating individuals who attempt to conceal the proceeds of illegal acts, such as wire fraud, including the use of trusts and corporations to disguise the true owner of illicit funds they control through those entities. As a Special Agent, I have conducted or participated in investigations of numerous fraud schemes. I have

also participated in the execution of search and seizure warrants in the capacity of affiant and participant.

## Purpose of Affidavit

1. This investigation concerns David Powell, the former CEO and President of Piedmont Triad Partnership (PTP). PTP is a Greensboro-based regional economic development agency funded by a combination of public and private funds. During his tenure as CEO and President of PTP, David Powell created at least ten entities with assistance of R.D.J., a local attorney, to facilitate the unauthorized movement of funds from PTP to his personal accounts, or accounts over which he exercised control. Once the funds were moved from PTP accounts, David Powell used the money to pay for personal items, including home furnishings, home improvements, and deposits to his children's CollegeAdvantage 529 Plans. David Powell also used the funds to pay for a cash appearance bond allowing his release from custody after being charged with embezzlement in state court.

2. This Affidavit is made in support of applications for seizure warrants for:

   a. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 0000873059, in the name of Pilar Powell, For/Future benefit of (fbo) M.E.P.

b. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 5290778223, in the name of Pilar Powell, fbo M.D.P.

   c. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 00702383977, in the name of Pilar Powell, fbo C.R.P.

   d. All funds in possession of the Guilford County Clerk of Superior Court pertaining to the $100,000 cash bond paid on case 16 CR 66735-38.

Probable cause exists to believe that such monies and property constitute or are derived from represent proceeds traceable to the specified unlawful activity of wire fraud in violation of 18 U.S.C. § 1343, and are therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

   3.   The facts and information contained in this Affidavit are based on my personal knowledge, as well as information obtained from documents, law enforcement records, and others involved in this investigation.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of seizure warrants for the accounts and appearance bond listed above, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish the requisite foundation

for a probable cause finding to support the issuance of a seizure warrant.

**Explanation of Businesses/Communications in Interstate Commerce**

4. Based on witness interviews, bank records, business records, public records, and other records obtained to date, I know the following regarding the financial activity relating to the accounts and appearance bond listed in 2 above. David Powell created at least ten new entities, with the assistance of a local attorney, R.D.J., to facilitate the movement of funds from the PTP accounts to his personal accounts. Once David Powell created the multiple entities (shell companies), he constantly transferred funds by wire and check between financial accounts (checking, savings, and investment) which he established in those entities' names before ultimately moving the funds to accounts over which he had control, either solely or jointly with R.D.J.. The total amount of funds transferred (via check or wire transfer) from 2011 through 2015 from the shell companies' accounts to David Powell's personal financial accounts totals $575,338.15. David Powell utilized the funds from the shell companies' accounts to pay for personal items, such as his personal vehicle, a boat, home furnishings and renovations, investments, deposits to 529 CollegeAdvantage Plans for his three children, and fees paid to his attorney, L.T.C. David Powell also transferred $100,000 of funds diverted from PTP to the trust account of L.T.C., who

4

subsequently deposited $100,000 with the Guilford County Clerk of Superior Court as a cash appearance bond in <u>North Carolina v. David Powell</u>, 16 CR 66735-38. From 2011 through 2015, the total personal expenditures directly from the shell companies' accounts total $482,834.68.

5. In furtherance of the scheme, David Powell directed wire transfers that were sent between financial institutions through an interbank system in or affecting interstate commerce. In addition, David Powell's deposits and withdrawals involving LPL Financial accounts were conducted through a broker located in Ohio, and involved interstate email and facsimile communications. Finally, to collect interbank check deposits, a financial institution may send an image of the check electronically to the payer's bank, a clearing house, a correspondent institution, or a Federal Reserve Bank. Such wire communications are generally in or affect interstate commerce.

### Summary of Investigation

6. David Powell was hired by PTP in or around August 2010. Shortly after being hired, David Powell started making changes to the structure of the organization and to its employees. David Powell began decreasing the number of employees at the PTP offices and streamlining their responsibilities. By 2011, David Powell fired PTP's Certified Public Accountant (CPA) and began handling PTP's finances. David Powell became less attentive to his

responsibilities as President and CEO of PTP, which involved reviewing PTP's financial records, including the bank accounts and general ledger of PTP.

7. David Powell created or caused to be created at least ten new entities, with the assistance of a local attorney, R.D.J., the first of which, Alpath, LLC (named after the street David Powell lived on in Columbus, Ohio) was created September 12, 2011. David Powell also opened financial accounts (checking and investment accounts) at six financial institutions to facilitate the movement of funds from the PTP accounts to as many as 27 financial accounts over which he had control. PTP board approval was necessary prior to the creation of any LLC's or financial accounts for PTP's benefit, but David Powell created the 10 shell companies and opened the 27 financial accounts without seeking or obtaining board approval from PTP.

8. On September 28, 2011, David Powell established a separate P.O. Box in the name of Piedmont Triad Development Corporation (PTDC), which was a corporation started by a prominent Greensboro resident, E.J.M., in the 1980's. Without authority, David Powell utilized PTDC's name to open this P.O. Box, opened financial accounts in the name of PTDC, and arranged to have the PTDC bank statements and various shell company account statements sent to the PTDC P.O. Box.

9. As early as October 3, 2011, David Powell caused the first of many unauthorized withdrawals from PTP's Wells Fargo account ending in 7204 to be deposited into two separate BB&T accounts in the name of PTDC, one account ending in 7983 and another ending in 8319.

10. David Powell also opened two LPL Financial accounts in the name of PTP, accounts ending 1822 and 2240, in or around July 20, 2012. David Powell wired $600,000 from PTP's Wells Fargo account ending in 7204 and deposited $500,000 into LPL Financial account ending in 1822 and $100,000 into LPL Financial account ending in 2240, both in the name of PTP. Within a week, David Powell moved $400,000 from the LPL Financial account ending in 1822 to the LPL account ending in 2240. On September 13, 2012, the remaining $100,000 of the initial deposit from PTP was transferred to a new LPL Financial account in the name of PTDC, account ending in 2371. On November 14, 2012, David Powell caused a $100,000 check to be written from PTDC's LPL Financial account ending in 2371 and deposited into PTDC's CommunityOne Bank account ending in 8808. On December 13 and 24 of 2012, David Powell sent two $50,000 checks, totaling $100,000, from PTDC's CommunityOne Bank account ending in 8808 to David and P. Powell's LPL Financial account ending in 8595.

11. On October 19, 2012, R.D.J. created DRX, Inc. with the North Carolina Secretary of State. During October 2012, David

Powell opened two Wells Fargo checking accounts in the name of DRX, Inc., accounts ending in 7587 and 2140. The initial deposit into the Wells Fargo account ending in 2140 was a $50,000 check from PTDC's CommunityOne Bank account ending in 8808, and the initial deposit into the DRX Wells Fargo account ending in 7587 as a $25,000 transfer from DRX's Wells Fargo account ending in 2140. From October 5, 2012 through June 28, 2013, funds totaling $316,000 (including the initial deposits above) were deposited into the two DRX accounts at Wells Fargo via checks from multiple shell companies, including Joswell, Inc., Triad Advisors, LLC, and PTDC. From January 28, 2013 through May 22, 2013, David Powell caused $315,000 in these two DRX accounts to be sent and deposited into DRX's LPL Financial account ending in 3844 ($215,000) and David and P. Powell's LPL Financial account ending in 8595 ($100,000).

12. On March 11, 2013, R.D.J. formed Triad Advisors, LLC with the North Carolina Secretary of State. On March 22, 2013, David Powell wired $10,000 from DRX's Wells Fargo account ending in 7587 to Triad Advisors, LLC and on the same day, wrote check number 1004 from DRX's Wells Fargo account ending in 7587 payable to Triad Advisors, LLC for $50,000. This check was used by David Powell, J.W. and S.S. to open a Bank of North Carolina account ending in 6268 in the name of Triad Advisors, LLC. DRX's LPL account ending in 3844 wrote check 1001 to Triad Advisors, LLC for

8

$25,000 on March 22, 2013; this check was also deposited into this new account.

13. On May 6, 2013, R.D.J. formed SparkPad, a non-profit corporation, with the North Carolina Secretary of State.

14. On November 16, 2013, David Powell and R.D.J. opened a checking account ending in 6805 at Bank of North Carolina in the name of NC Megasites LLC.

15. On November 27, 2013 R.D.J. created Phykos Oil LLC with the North Carolina Secretary of State. On January 17, 2014, Phykos Oil, LLC, was converted to Phykos Oil, Inc.

16. On December 9, 2013, David Powell opened a checking account ending in 2960 at Community One in the name of SparkPad. The opening deposit was check number 2243 from PTDC's BB&T checking account ending in 8319 for $40,000.

17. PTP sent SparkPad $80,000 via check 15193 on December 17, 2013 from its Wells Fargo account ending in 7204. SparkPad deposited these funds into its Community One account ending in 2960. SparkPad used these funds to write check 1001 to David Powell for $51,150.99 with a memo stating "TFC Reimbursement/Startup costs" (TFC is TriadFirst Capital); David Powell deposited this check into his personal BB&T checking account ending in 6853.

18. On January 2, 2014, David Powell wrote check 1001 for $20,000 to Phykos Oil, Inc. from SparkPad's Community One account

9

ending in 2960; this check was deposited into Phykos Oil, Inc.'s Community One account ending in 6788 on January 23, 2014. In February 2014, David Powell wrote another check, number 1003 from SparkPad to Phykos Oil, Inc. for $30,000 referencing a grant in the memo line. Phykos Oil, Inc. used these funds to pay David Powell a $25,000 distribution via check 1005 on March 24, 2014, a $15,000 check, number 1006 to David Powell on April 28, 2014 and transferred $6,000 to ECS Associates on May 29, 2014; ECS Associates was created by R.D.J. on January 21, 2014.

19. On February 3, 2014, David Powell opened a Community One checking account ending in 6770 in the name of ECS Associates LLC; the first deposit into this account was a check number 1010 from NC Megasite's Bank of North Carolina account ending in 6805 for $21,500. The first two checks that ECS Associates wrote were to David Powell; check 1001 for $12,000 and check 1002 for $5,500. ECS Associates deposits occurred during February through September 2014; the funds paid to ECS Associates were from SparkPad totaling $10,000, NC Megasites LLC totaling $103,600, Phykos Oil, Inc. totaling $6,000, and Triad First Capital totaling $137,000. All deposits were in the form of checks except for two wires totaling $8,000.

20. On April 8, 2014, David Powell opened a checking account at Community One ending in 6648 in the name of TriadFirst Capital; the opening deposit on April 11, 2014 was a check for $1,500 from

10

a company whose initials are P.I. and check number 1034 for $50,000 from NC Megasites Bank of North Carolina account ending in 6805. The subsequent deposits into this account were from checks written from SparkPad's Community One account ending in 2960 and NC Megasites LLC's Bank of North Carolina account ending in 6805. The funds on deposit in the TriadFirst Capital account were used to write checks payable to ECS Associates totaling $62,000, as well as check 1003 to David Powell for $98,687.46.

21. From December 18, 2013 through June 13, 2014, David Powell continued to write checks from the various shell companies and deposit them to accounts over which he had control, including his personal checking account at BB&T ending in 6583. During this period, David Powell paid himself nearly $267,530.15, of which $65,500 was sent via check to David and P. Powell's personal LPL Financial investment account ending in 8595. The balance in David and P. Powell's LPL Financial investment account ending in 8595 as of December 31, 2014, approximately $308,168, was transferred to a Fidelity Investment account in David Powell's name ending in 2109.

22. David Powell worked with financial advisor J.B. from Ohio in order to move these funds amongst the various financial institutions, including LPL Financial and Fidelity Investments. On or around March 9, 2015, David Powell caused funds in Fidelity Investment account ending in 2109 to issue a check to an attorney

11

whose initials are L.T.C. for $25,000. Then on April 16, 2015, David Powell caused check number 1005 to be written to L.T.C. for $100,000. L.T.C. is the criminal attorney David Powell hired to represent him related to charges brought by the Greensboro Police Department of embezzlement and obtaining property by false pretenses related to the funds David Powell diverted from PTP. Then, on or around January 25, 2016, L.T.C. obtained Carolina Bank Cashier's check number 813638 in the amount of $100,000, which was paid to the Guilford County Clerk of Superior Court for a cash appearance bond for David Powell in <u>North Carolina v. David Powell</u>, 16 CR 66735-38.

23. A review of the bank records for David and P. Powell's personal checking and savings accounts with BB&T reveal that David Powell's salary was not enough to cover the mortgage for his personal residence and two other properties he owned. It was evident that the monies David Powell received from the shell companies discussed in the paragraphs above were used to sustain his lifestyle and to fund various investments, including Black Rock CollegeAdvantage 529 Plans for the benefit of each of his three children, M.E.P., M.R.P., and C.R.P.. The initial desposits to the Black Rock CollegeAdvantage 529 Plans consisted of three separate personal checks for $5,000 each from David and P. Powell's BB&T checking account ending in 6853, dated December 27, 2012.

24. After the initial deposits, payments were made to the Black Rock accounts after David Powell wrote and caused to be deposited funds from the shell companies. The chart below summarizes the funds received from shell companies and deposited into David and P. Powell's BB&T checking account ending in 6853, which ultimately flowed into the Black Rock CollegeAdvantage 529 Plans described in paragraph 6 above:

| Post Date | Payable To/From | Debit | Credit |
| --- | --- | --- | --- |
| 12/19/2013 | Triad Advisors, LLC | | 5,000 |
| 12/20/2013 | Black Rock | (3,000) | |
| 01/02/2014 | SparkPad | | 51,150.99 |
| 01/21/2014 | Black Rock | (3,000) | |
| 02/14/2014 | ECS Associates, LLC | | 12,000 |
| 02/20/2014 | Black Rock | (3,000) | |
| 02/24/2014 | ECS Associates, LLC | | 5,500 |
| 03/03/2014 | Phykos Oil, Inc. | | 2,691.70 |
| 03/20/2014 | Black Rock | (3,000) | |
| 03/24/2014 | Phykos Oil, Inc. | | 25,000 |
| 03/24/2014 | ECS Associates, LLC | | 35,000 |
| 04/21/2014 | Black Rock | (3,000) | |
| 04/28/2014 | Triad Advisors, LLC | | 7,500 |
| 04/28/2014 | Phykos Oil, Inc. | | 15,000 |
| 04/28/2014 | SparkPad | | 10,000 |

| Date | Payee/Payer | Debit | Credit |
|---|---|---|---|
| 05/20/2014 | Black Rock | (3,000) | |
| 06/09/2014 | TriadFirst Capital | | 98,687.46 |
| 06/17/2014 | Black Rock | (20,000) | |
| 06/17/2014 | Black Rock | (15,000) | |
| 06/17/2014 | Black Rock | (2,500) | |
| 06/20/2014 | Black Rock | (3,000) | |
| 07/08/2014 | ECS Associates, LLC | | 2,000 |
| 07/11/2014 | ECS Associates, LLC | | 15,000 |
| 07/21/2014 | Black Rock | (3,000) | |
| 08/05/2014 | ECS Associates, LLC | | 14,500 |
| 08/20/2014 | Black Rock | (3,000) | |
| 09/22/2014 | Black Rock | (3,000) | |
| 09/29/2014 | ECS Associates, LLC | | 16,100 |
| 10/20/2014 | Black Rock | (3,000) | |
| 11/20/2014 | Black Rock | (3,000) | |
| 12/22/2014 | Black Rock | (3,000) | |

25. Bank records indicate that after David Powell resigned from PTP and the flow of money stopped from the shell companies, no further payments were made into the Black Rock CollegeAdvantage 529 Plans.

26. David Powell died on April 22, 2017, while state charges against him were still pending.

14

## CONCLUSION

27. Based on the foregoing, I submit that there is probable cause to believe that David Powell and others were involved in an ongoing scheme to create shell companies whose sole purpose was to transfer funds belonging to PTP by check or wire transfers to and among accounts over which David Powell had control and/or custody.

28. Your affiant also submits that there is probable cause to believe that the following properties constitute or are traceable to proceeds of the wire fraud scheme in violation of 18 U.S.C. § 1343 described above, and are therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C):

   a. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 0000873059, in the name of Pilar Powell, fbo M.E.P.

   b. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 5290778223, in the name of Pilar Powell, fbo M.D.P.

   c. All funds on deposit in Black Rock CollegeAdvantage 529 Plan, account number 00702383977, in the name of Pilar Powell, fbo C.R.P.

   d. All funds in possession of the Guilford County Clerk of Superior Court pertaining to the $100,000 cash bond paid on case 16 CR 66735-38.

_____
Carter N. Catlett, III
Special Agent
Department of the Treasury –
 Office of Inspector General

Subscribed and sworn to before me
this 24th day of May, 2017.

_____
The Honorable L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina

16